**Ken FARMER, Appellant,**

v.

**McGEE SERVICES, INC., Appellee.**

**No. 12–85–0029–CV.**

Court of Appeals of Texas,
Tyler.

Jan. 30, 1986.

Gilbert M. Hargrave, Athens, for appellant.

Michael George, Bateman & George, Athens, for appellee.

## PER CURIAM.

In light of a supplemental transcript filed after our original decision dated November 21, 1985, that opinion is hereby withdrawn and the following substituted therefor.

This is an appeal from a judgment of the county court dismissing an appeal from a justice court decision.

McGee Services, Inc. ("McGee") filed a claim against Ken Farmer ("Farmer") in justice court for the balance due on an account for the purchase of feed and fertilizer. Judgment was made in favor of McGee on April 18, 1984, for $896.35, costs and interest. Farmer filed an appeal bond in the justice court on April 27, 1984. Accompanying the bond was a letter on firm letterhead from Randell C. Roberts ("Roberts"), Farmer's attorney, to the presiding justice of the peace requesting that a bill of cost be sent to the county clerk.

On May 10, 1984, the county clerk mailed notice of costs totaling $40 to Ken Farmer, Route 4, Athens, Texas. No zip code was used. A motion for dismissal was filed by McGee on November 29, 1984, because costs had not been paid within twenty days of the notice, pursuant to Tex.R.Civ.P. 143a.[1] Court costs were paid on November 30, 1984. Payment was sent with a letter from Roberts to the county judge stating that no bill of costs had been received.

A hearing was held on McGee's motion for dismissal, and thereafter the county judge dismissed Farmer's appeal. The judgment stated that Farmer's appeal was "deemed to be not perfected," and the clerk was ordered to return the papers in the cause to the justice court because costs had not been paid within twenty days after notice.

Farmer argues that the trial court erred in dismissing his appeal because he did not receive adequate notice of costs. We agree. At the hearing on the motion for dismissal, the chief deputy county clerk of Henderson County testified that she handled appeals from the justice court to the county court and that in the regular course of her duties, she mailed notice of costs. She testified that it was her usual practice to send notice by regular mail and that the notice to Farmer had been sent by regular mail to the address where he had been served. The deputy clerk stated that the address used was the only one in the file and that the letter from Roberts to the justice of the peace, dated April 27, 1984, was not in the county clerk's file.

Farmer testified that he did not receive the notice of costs and that he was relying on his attorney to handle the appeal. Another Ken Farmer lived at Route 4, Athens,

---

**1.** Rule 143a reads as follows:

If the appellant fails to pay the costs on appeal from a judgment of a justice of the peace or small claims court within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the justice of the peace having original jurisdiction and the justice of the peace shall proceed as though no appeal had been attempted.

and the two frequently received each other's mail.

Tex.R.Civ.P. 21a states:

Every notice required by these rules, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy of the notice or of the document to be served as the case may be, to the party to be served, or his duly authorized agent, or his attorney of record, either in person or by registered mail to his last known address, or it may be given in such other manner as the court in its discretion may direct.

In *P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Machinery Co.,* 629 S.W.2d 142 (Tex.App.—Dallas 1982, writ ref'd n.r.e.), the record showed that it was the customary practice in Dallas County to notify counsel of a trial setting by postcard. The court held that to satisfy the requirements of Rule 21a, such method would have to be directed by the trial judge either in a specific case or as a general procedure to be followed by the clerk. Because the record in *Bosco* revealed that neither a general nor a specific directive had been given by the court to the clerk to notify counsel by postcard, notice in that manner was deemed to be inadequate.

The evidence conclusively shows that neither Farmer nor his attorney had been sent notice of costs in person or by registered mail. Neither did McGee present any evidence that the court had directed the county clerk to send notice by regular mail. Farmer clearly did not receive notice of costs by any method acceptable under Rule 21a. McGee failed to show that Farmer had actual notice of costs. Since no notice had been given, the trial court erred in applying Rule 143a to dismiss Farmer's appeal. The judgment of the county court is reversed, and the cause is remanded to that court for reinstatement of the appeal.