**Art DePUE and Wife, Peggy DePue, Appellants,**

v.

**S.W. HENDERSON, Appellee.**

**No. C14–89–942–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 15, 1990.

William E. Millia, Houston, for appellants.

William J. Kershner, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from the county court's order of dismissal of an appeal from the justice court. The appeal was dismissed because appellants failed to pay the requisite filing fee of $65 within twenty days after being notified to do so by the Harris County Clerk's office pursuant to Rule 143a of the TEX.R.CIV.PROC. (Vernon 1979). Appellants contend they were not provided the required notice. We reverse.

Appellants assign two points of error. In their first point of error, appellants contend that the county court erred in dismissing their appeal because the county court clerk failed to give the proper notice to pay costs. In their second point of error appellants assert that the county court erred in dismissing their appeal because neither appellants nor their attorney received notice to pay costs. We consolidate both points of error in our treatment of this case.

The appellee in this case, S.W. Henderson, prevailed in a forcible detainer proceeding in the justice court. Appellants, Mr. and Mrs. DePue, then posted bond and perfected their appeal to the county court. On July 7, 1989, the county court clerk gave notice by regular mail to appellants' attorney concerning the payment of the filing fee of $65. Apparently, appellants' attorney did not receive this notice. On July 31, 1989, the county clerk notified appellants' attorney that the original papers in the case were being returned to the justice court for final disposition because no filing fee was received within twenty days of the notice. Appellants then paid the court costs on August 3, 1989 and the case was docketed. On August 7, 1989,

appellee filed a Motion for Dismissal because costs had not been paid within twenty days of the notice, pursuant to TEX.R. CIV.P. 143a (Vernon 1979) which reads as follows:

> If the appellant fails to pay the costs on appeal from a judgment of a justice of the peace or small claims court within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the justice of the peace having original jurisdiction and the justice of the peace shall proceed as though no appeal had been attempted.

At the motion for dismissal hearing, appellants' attorney and appellee's attorney testified, as did the Harris County deputy clerk, Mr. Cantu, who was responsible for processing appeals from the justice court to the county court. Cantu testified that on July 7, 1989 in the regular course of his duties, he mailed notice of costs totalling $65 to both parties' attorneys by regular mail. He testified that it was his usual practice to send notice by regular mail. Appellee's attorney testified that he received the notice letter dated July 7, 1989. Appellants' attorney testified that he had not received this same notice letter and, further, that nobody in his office had received it. The trial judge then granted appellee's motion to dismiss appellants' appeal.

The question of notice is governed by Rule 21a Tex Rules Civ.P. (Vernon Supp. 1990) which reads in pertinent part:

> Rule 21a. NOTICE
>
> "Every notice required by these rules, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy of the notice or of the document to be served, as the case may be, to the party to be served, or his duly authorized agent, or his attorney of record, either in person or by registered mail to his last known address, or it may be given in such other manner as the court in its discretion may direct ... When these rules provide for notice of service by registered mail, such notice or service may also be had by certified mail."

In *P. Bosco & Sons Contracting Corporation v. Conley, Lott, Nichols Machinery Company,* 629 S.W.2d 142 (Tex.App.—Dallas 1982, writ ref'd n.r.e.) the Dallas Court of Appeals held that the Dallas county clerk's practice of sending notice of trial settings by postcards was improper because it was neither set out in rule 21a, nor was it authorized by the presiding judge. *See Farmer v. McGee Services, Inc.* 704 S.W.2d 927 (Tex.App.—Tyler 1986, no writ).

The evidence conclusively shows that neither appellants nor their attorney had been sent notice of costs in person or by registered or certified mail. Neither did appellee present any evidence that the court had directed the county clerk to send notice by regular mail. We find that appellants did not receive notice of costs by any method acceptable under Rule 21a. Appellee failed to show that appellants had actual notice of costs. Absent notice given to appellants, the trial court erred in applying Rule 143a to dismiss appellants' appeal. Appellants' two points of error are sustained.

Accordingly, the county court's judgment of dismissal is reversed and the cause remanded for reinstatement of the appeal.