Timothy N. Tesch, Austin, for Appellant.

Kenneth R. Guest, Guest & Associates, P.C., Irving, for Appellee.

**TEJAS ELEVATOR COMPANY,**
**Appellant,**

v.

**CONCORD ELEVATOR, INC., Appellee.**

No. 05–98–01598–CV

Court of Appeals of Texas,
Dallas.

Nov. 17, 1998.

Rehearing Overruled Jan. 20, 1999.

Before Justices LAGARDE, KINKEADE, and WRIGHT.

**MEMORANDUM OPINION**

WRIGHT, Justice.

Tejas Elevator Company is appealing the justice court's June 29, 1998 final default judgment. On October 1, 1998, this Court sent a letter informing appellant that, after reviewing its notice of appeal for restricted appeal, we had questions concerning the Court's jurisdiction over this cause. Specifically, we referred appellant to section 51.001 of the Texas Civil Practice and Remedies Code, which permits a party to appeal a final judgment in a justice court to the county or district courts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001 (Vernon 1997). We requested appellant to file a letter brief, on or before October 12, 1998, explaining how this Court has jurisdiction over this cause.

In a letter brief received by this Court on October 14, 1998, appellant concedes that a party may appeal a justice court

judgment to the county or district court.[1] However, appellant contends that it exercised due diligence in attempting to have the justice court's default judgment reviewed and requests this Court to invoke rule 2 of the rules of appellate procedure and exercise jurisdiction over this appeal. Rule 2 authorizes an appellate court to suspend a rule's operation in a particular case to expedite a decision or for other good cause. *See* TEX.R.APP. P. 2. However, nothing in rule 2 authorizes this Court to exercise jurisdiction over an appeal if none exists.

Jurisdiction over an appeal of a justice court judgment lies in the county or district court. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.001, 51.002 (Vernon 1997); TEX.R. CIV. P. 574b. To invoke this Court's jurisdiction, appellant must obtain a final, appealable order or judgment from the county or district court. *See, e.g., Winrock Houston Assocs. Ltd. Partnership v. Bergstrom,* 879 S.W.2d 144, 151–52 (Tex.App.—Houston [14th Dist.] 1994, no writ).

Accordingly, on the Court's own motion, this appeal is **DISMISSED** for want of jurisdiction. *See* TEX.R.APP. P. 42.3(a).

---

**1.** In some circumstances after the justice court enters a final judgment, a party may also remove the case from the justice court to the county court by writ of certiorari. *See* TEX CIV. PRAC. & REM.CODE ANN. § 51.002 (Vernon 1997).