NUMBER 13-99-221-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


TONI CARRILLO
, Appellant,


v.



P.S. VERA, INDIVIDUALLY AND

D/B/A P.S. AUTO PARTS
, Appellee.

___________________________________________________________________


On appeal from County Court at Law No. 3


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N


Before Justices Hinojosa, Chavez, and Rodriguez 


Opinion by Justice Rodriguez



 This is an appeal from a county court's dismissal of an attempted
appeal from a justice court for want of jurisdiction.(1) By three issues,
Toni Carrillo, appellant, contends the county court erred: (1) in
dismissing the case for lack of jurisdiction and for awarding P.S. Vera,
Individually and D/B/A P.S. Vera Auto Parts (Vera) appeal bond
proceeds; (2) in denying her amended motion for new trial, motion to
reinstate dismissed case, motion to retain justice court case, and
motion to consolidate justice court case with county court case; and (3)
in granting Vera attorney's fees. We dismiss for want of jurisdiction. 
 

 After a dispute over money charged in repair of her vehicle, Carrillo
filed suit against Vera in the Justice Court, Precinct 1, Place 1, in
Nueces County, alleging violations of the Deceptive Trade Practices Act
(DTPA). The justice court entered a take-nothing judgment against
Carrillo on April 16, 1997. 

 On April 24, 1997, Carrillo filed an appeal bond with the county
court in the amount of $200. The bond was signed and approved on
May 13, 1997. On May 8, 1997, Carrillo filed "Plaintiff's Original
Petition" with a new cause number, again alleging violations of the
DTPA; the petition was filed with the district clerk, and the case was
docketed in the County Court at Law Number Three in Nueces County. 
According to a receipt from the district clerk, Carrillo also paid a deposit
of $166.50 on May 9, 1997 as a filing fee. 

 Thereafter, the clerk of the county court at law sent Carrillo,
through her attorney, a notice by certified mail that costs in the amount
of $145.00 were due for the appeal to be deemed perfected under rule
143a.(2) Carrillo's attorney received the notice on June 23, 1997. Carrillo
did not respond to the notice. 

 On January 8, 1999, Vera filed a motion to dismiss for lack of
jurisdiction and for appeal bond proceeds based on, inter alia, Carrillo's
failure to pay the costs on appeal. Attached to the motion was a
"Certificate of No Appeal" dated January 8, 1999, from the justice court,
stating that no appeal had been filed as of that date and that, "[o]n June
3, 1997, the original transcript and court records of the Justice Court
were sent to the Nueces County Clerk's Office. Said documents were
returned to this court on July 24, 1997 with a letter from the Nueces
County Clerk's Office dated June 3, 1997." 

 Carrillo filed a response to the motion, arguing that the failure to
pay costs on appeal was due to a clerical error by the clerk of the county
court. As Carrillo noted, she paid $166.50 on May 9, 1997 to the
district clerk, the day after she filed her original petition with the district
clerk. Carrillo argued that this amount was intended to cover the costs
on appeal. According to Carrillo, the county clerk should have checked
the district clerk's office to determine whether any deposits for costs
had been paid or whether an appeal had been filed. After a hearing, the
court granted the motion to dismiss for want of jurisdiction. 

 Carrillo filed a motion for new trial, as well as motions to reinstate
the dismissed case, to retain the justice court case, and to consolidate
the justice court case with the county court at law case. The county
court denied all of the motions. The county court also awarded Vera
$1650.00 in attorney's fees pursuant to rule 571 of the Texas Rules of
Civil Procedure based on Carrillo's failure to prosecute her appeal. 
Carrillo filed a timely notice of appeal with this Court. 

 By her first issue, Carrillo contends the trial court erred in
dismissing for want of jurisdiction and awarding appeal bond proceeds. 
By her second issue, Carrillo avers the trial court erred in denying her
motions for new trial, to reinstate the dismissed case, to retain the
justice court case, and to consolidate the justice court case with the
county court at law case. Carrillo maintains the trial court erred in
dismissing the case for lack of jurisdiction and in denying the motions
because she perfected her appeal and her apparent failure to pay costs
on appeal was due to a clerical error by the county clerk.

 To perfect an appeal to the county court or district court from a
justice court, an appellant must:

 (1) file an appeal bond as required by Rule 571 or
file an affidavit of inability to pay under Rule 572;
and 


 (2) pay to the county clerk, within 20 days after
being notified to do so by the county clerk, the
costs on appeal as required by Rule 143a. 


Almahrabi v. Booe, 868 S.W.2d 8, 10 (Tex. App.­El Paso 1993, no writ). 
"Compliance with each of the above requirements is jurisdictional, and
as the language in Rule 573 indicates, only compliance therewith will
act to perfect the appeal." Id. at 9 (citing Tex. R. Civ. P. 573; Depue v.
Henderson, 801 S.W.2d 178, 179 (Tex. App.­Houston [14th. Dist.]
1990, no writ); Farmer v. McGee Servs., Inc., 704 S.W.2d 927, 928-29
(Tex. App.­Tyler 1986, no writ); and Meyers v. Belford, 550 S.W.2d
359, 360 (Tex. Civ. App.­El Paso 1977, no writ)). If the appellant fails
to pay the costs of appeal within twenty days after receiving notification
to do so by the county clerk, the appeal is deemed not perfected and the
county court may dismiss the appeal. Tex. R. Civ. P. 143a; see Thomas
M. Whelan, Enforcement of Commercial Leases: Evictions and Dealing
with a Tenant's Personal Property, 3 Tex. Wesleyan L. Rev. 283, 330
(1997). 

 Although appellant filed an appeal bond, she failed to pay costs on
appeal within twenty days after being notified to do so by the county
clerk. Therefore, the appeal was not perfected. However, Carrillo
contends that the $166.50 filed with the district clerk should have been
applied to the costs of appeal. Although she acknowledges that the fee
was paid as a filing fee, she contends that her original petition was
intended as an appellate pleading, and should have been treated as if
it had been properly designated. See Tex. R. Civ. P. 71 (when party
mistakenly designates pleading, court shall, if justice requires, treat it
as if it had been properly designated). As such, she maintains the
$166.50 deposited as a filing fee for the petition was intended to cover
the costs on appeal. In short, Carrillo urges that we construe the
petition filed with the district clerk as an appellate pleading, and
correspondingly, that we treat the $166.50 deposited with the district
clerk as covering the costs on appeal. We begin by observing that
rule 143a places the burden of paying the costs of appeal on the
appellant. See Tex. R. Civ. P. 143a. Thus, Carrillo had the burden of
depositing the costs in the proper court; she cannot absolve herself of
this responsibility by complaining the county clerk should have checked
the district clerk's office to determine if any deposits for costs had been
paid. Furthermore, there is no indication from a reading of the petition
that it was intended to serve as an appellate pleading nor any indication
that the deposit was intended to cover any costs of appeal. In fact, at
the hearing on the motion to dismiss for want of jurisdiction, an
employee of the county clerk testified that the $166.50 paid by Carrillo
was a filing fee for the original petition, and was not for the costs of
appeal.

 Carrillo urges that an appeal should not be dismissed for defects
or irregularities in procedure. See Tex. R. Civ. P. 571. Rule 571 states
that "[t]he appeal shall not be dismissed for defects or irregularities in
procedure, either of form or substance, without allowing appellant five
days after notice within which to correct or amend the same." Tex. R.
Civ. P. 571 (emphasis added). Pursuant to rule 123a, Carrillo was
afforded twenty days to correct the failure to pay costs on appeal. 
Thus, the county court did not dismiss the appeal for a defect in
procedure without giving Carrillo notice and an opportunity to cure. 

 Carrillo also urges that the appeal bond should have been applied
to cover the costs of appeal. A supersedeas bond may serve as a cost
bond, if it is sufficient to secure costs. Booe, 868 S.W.2d at10 (citing
Young v. Kilroy Oil Co. of Tex., 673 S.W.2d 236, 242 (Tex.
App.­Houston [1st. Dist.] 1984, writ ref'd n.r.e.)). Here, the $200 bond
was the amount double the amount of the costs in the justice court plus
estimated costs in the county court less those costs that may already
have been paid by plaintiff. The $200 satisfied Rule 571, but was
insufficient to cover the additional $145.00 costs of appeal under Rule
143a. 

 Carrillo received notice that her case would be dismissed within
twenty days if she did not pay the $145.00 in appellate costs, and she
did not respond to this notice. Accordingly, she failed to perfect the
appeal. Because Carrillo failed to perfect the appeal, the trial court
properly dismissed the case for lack of jurisdiction and awarded Vera
appeal bond proceeds. As the county court lacked jurisdiction to
consider Carrillo's appeal, this Court is likewise without jurisdiction. 
See Booe, 868 S.W.2d at 10; Meyers, 550 S.W.2d at 360. 

 We do, however, retain jurisdiction over Carrillo's appeal of the
attorney's fee award. Cf. Mid-Continent Casualty Co. v. Safe Tire
Disposal Corp., 2 S.W.3d 393, 395 (Tex. App.­San Antonio 1999, pet.
filed) (dismissing an appeal in part as moot, while upholding an award
of attorney's fees) (citing Camarena v. Texas Employment Comm'n, 754
S.W.2d 149, 151 (Tex. 1998)); 5 Tex. Jur. § 452 (1999) ("Generally,
when a party appeals from two orders of the trial court, only one of
which is appealable, the proper course is to dismiss that portion which
is nonappealable and to rule on the portion from which an appeal may
be taken."). By issue three, Carrillo contends the county court erred in
granting Vera attorney fees. She urges that there was no basis for
granting those fees. However, Carrillo's appeal bond, filed in the county
court pursuant to Texas Rule of Civil Procedure 571, provides:

 [in the justice court] . . . Plaintiff TONI CARRILLO
was ordered to take nothing by her suit and go
with all costs of court. Plaintiff TONI CARRILLO
desires to appeal to the County Court at Law of
Nueces County, Texas. We, TONI CARRILLO as
principal, and ARTURO CHAVERRIA and DAVID
TISHNER as sureties, acknowledge ourselves
bound to pay P.S. VERA, Defendant the sum of
Two hundred dollars and no/100 ($200.00),
which is the amount double the amount of the
costs in the justice court plus estimated costs in
the county court less those costs that may
already have been paid by plaintiff conditioned
that TONI CARRILLO prosecutes her appeal to
effect, and shall pay off and satisfy any costs of
suit that may be rendered against her on appeal.

 On appeal to the county court, the court found that Carrillo had
not prosecuted her appeal to effect, and, pursuant to rule 571, awarded
$1650.00 as costs for attorney's fees, to be paid to appellee.

 As a general rule, the party seeking to recover attorneys' fees
carries the burden of proof. See Stewart Title Guar. Co. v. Sterling, 822
S.W.2d 1, 10 (Tex. 1991). The standard of review of a trial court's
award granting attorneys' fees is sufficiency of the evidence. See id.

 Our review of the record reveals that Vera filed a verified schedule
of time outlining in detail the time his counsel spent defending his
appeal in the county court. The verified schedule supported a total of
55.0 hours. Based on a per hour fee of $65.00, the total amount of
attorney's fees requested was $3,575.00. The county court awarded
only $1650.00, less than one-half of the amount requested, as costs for
attorney's fees. We conclude the evidence was sufficient to support the
court's award of attorney's fees in the amount of $1650.00. Carrillo's
third issue is overruled.

 In a cross issue, Vera asks this Court to award attorney's fees
pursuant to Texas Rule of Appellate Procedure 45, in double the amount
of originally claimed attorney's fees of $3575.00. See Tex. R. App. P. 45. 
Vera contends that because each of the points of error alleged by
Carrillo has been shown to be frivolous, this Court should award
attorney's fees.

 This Court is authorized to award "just damages" if we determine
an appeal is frivolous from consideration of the record, briefs, or other
papers filed in the court of appeals. See id. An appeal is frivolous if, at
the time asserted, the advocate had no reasonable grounds to believe
the judgment would be reversed or the appeal is pursued in bad faith. 
See Diana Rivera & Assocs., P.C., v. Calvillo, 986 S.W.2d 795, 799 (Tex.
App.--Corpus Christi 1999, pet. denied); Tate v. E.I. Du Pont de
Nemours & Co., 954 S.W.2d 872, 875 (Tex. App.--Houston [14th Dist.]
1997, no pet.).

 In the instant case, although we decided that Carrillo did not
properly perfect the appeal, the record does not show she pursued the
appeal in bad faith or that it had no reasonable expectation of reversal. 
Carrillo brought forward sufficient arguments and citations for our
consideration. We hold that Carrillo's conduct does not warrant
sanctions. Accordingly, we overrule Vera's cross issue for attorney's
fees.

 We uphold the county court's awarding of attorney's fees and
DISMISS the case for want of jurisdiction.

 

 NELDA V. RODRIGUEZ

 Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 31st day of August, 2000.

 

1. Jurisdiction over an appeal of a justice court judgment lies in the
county or district court. Tex. Civ. Prac. & Rem. Code Ann. §§ 51.001,
51.002 (Vernon 1997); Tex. R. Civ. P. 574b. The cause is tried de novo
in the county court. See In re Garza, 990 S.W.2d 372, 374 (Tex.
App.­Corpus Christi 1999, no pet.). After obtaining a final appealable
order or judgment from the county or district court, an appellant may
invoke the jurisdiction of the court of appeals. See Tejas Elevator Co. v.
Concord Elevator, Inc., 982 S.W.2d 578, 579 (Tex. App.--Dallas 1998,
no pet.); Winrock Houston Assocs. Ltd. Partnership v. Bergstrom, 879
S.W.2d 144, 151-52 (Tex. App.--Houston [14th Dist.] 1994, no writ). 
We note that unlike an appeal from a justice court, in the case of a small
claims court "there is no appeal to the court of appeals from a judgment
of the county court or county court at law after a de novo appeal. . . ." 
Williamson v. A-1 Electric Auto Service, No. 13-00-478-CV, 2000 WL
1206522, at *1(Tex. App.­Corpus Christi August 24, 2000, no pet. h.). 
 
2. See Tex. R. Civ. P. 143a (providing "[i]f the appellant fails to pay
the costs on appeal from a judgment of a justice of the peace or small
claims court within twenty (20) days after being notified to do so by the
county clerk, the appeal shall be deemed not perfected and the county
clerk shall return all papers in said cause to the justice of the peace
having original jurisdiction and the justice of the peace shall proceed as
though no appeal had been attempted").