# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00592-CV

**Automania, L.L.C., Appellant**

**v.**

**Jason May, Appellee**

### FROM THE JUSTICE COURT # 3 OF COMAL COUNTY
### NO. 32003-S-0012, HONORABLE DIANA G. CAMPOS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Automania, L.L.C. filed a notice of restricted appeal from a default judgment in favor of Jason May rendered by a justice of the peace. Because we find no basis on which this appeal may be brought directly from justice court to this Court, we dismiss this appeal for want of jurisdiction.

May sued Automania, seeking to recover for damages incurred when Automania breached a contract to rebuild his engine. May alleged that Automania defectively rebuilt the engine and refused to repair the engine. May recovered a default judgment for return of the $4600 in actual damages and $400 for attorney's fees. Because the damages were limited to $5000, the justice court could sit as a small claims court. *See* Tex. Gov't Code Ann. §§ 28.002-.003 (West 2004). Automania filed a notice of restricted appeal.[1] May then filed a motion to dismiss this appeal.

---

[1] According to both parties Automania also filed a bill of review in county court, then dismissed that and filed a bill of review in the justice court; the latter apparently remains pending.

Appeals from justice courts generally lie either in the county or the district court. *See id*. § 51.001; *see also* Tex. R. Civ. P. 574b. We do not have appellate jurisdiction over an appeal absent a final judgment or appealable order from the district court. *See Tejas Elevator Co. v. Concord Elevator, Inc.*, 982 S.W.2d 578, 579 (Tex. App.—Dallas 1998, no pet.). No such judgment or order appears in the record of this case from the justice court.

Appeals from small claims courts lie in the county court or the county court at law. Tex. Gov't Code Ann. § 28.052 (West 2004). The appeal is by trial de novo, and the decision of the county court or county court at law is final. *Id*. § 28.053. There is no appeal to the courts of appeals. *Woodlands Plumbing Co. v. Rodgers*, 47 S.W.3d 146, 148 (Tex. App.—Texarkana 2001, pet. denied); *Davis v. Covert*, 983 S.W.2d 301, 303 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.).

Because we find no basis on which we can exercise jurisdiction over this restricted appeal from justice court, we grant May's motion and dismiss this appeal. *See* Tex. R. App. P. 42.3(a). We deny May's request for sanctions.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Dismissed on Appellee's Motion

Filed: April 22, 2004

_____

Automania alleges in its response to May's motion to dismiss that May advised Automania that a restricted appeal filed in this Court was the proper avenue to challenge the default judgment.