NO. 07-05-0378-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 26, 2005


______________________________



ELTON ORTIZ, 



 Appellant


v.



ZONIA SCOTT, 



 Appellee

_________________________________



FROM THE JUSTICE OF THE PEACE COURT, PRECINCT 1 OF POTTER COUNTY;



NO. 25,515; HON. JIM TIPTON, PRESIDING


_______________________________



Memorandum Dismissal


 _______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Elton Ortiz appeals to this court from an order of dismissal dismissing his suit
initiated in the Justice of the Peace Court, Precinct No. 1, Potter County. A court of
appeals lacks jurisdiction to entertain a direct appeal from a justice court. Tejas Elevator
Co. v. Concord Elevator, Inc., 982 S.W.2d 578, 579 (Tex. App.-Dallas 1998, no pet.). 
Instead, jurisdiction lay in either a county or district court depending upon whether the civil
jurisdiction of the county court is transferred to a district court. Id.; accord, Tex. Civ. Prac.
& Rem. Code Ann. § 51.001(a) & (b) (Vernon 1997). Or, appeal may be had to a county
court at law. See Tex. Gov. Code Ann. 25.003(a) (Vernon 2004) (stating that a county
court at law has jurisdiction over all causes and proceedings civil and criminal, original and
appellate, prescribed by law).

 Lacking jurisdiction, we dismiss the appeal.


 Brian Quinn 

 Chief Justice



The Court of Criminal Appeals, in Williams v. State, 780 S.W.2d 802, 803 (Tex.
Crim. App.1989), held that "by entering an order merely abating an appeal a court of
appeals does not 'decide a case,'" therefore, it is an interlocutory order which is not final
nor appealable. The trial court's findings are a result of the abatement hearing and
address matters directed by this court. It, too, does not "decide" the case and therefore
is interlocutory and non-appealable.

 Accordingly, we dismiss appellant's appeal from the trial court's findings issued from
the November 6, 2006 abatement hearing.

 Per Curiam


Do not publish.