

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00310-CV

ROBIN WHISENHUNT                                                    APPELLANT

V.

TRUDY HILL                                                              APPELLEE

----------

## FROM JUSTICE COURT, PRECINCT 6 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Robin Whisenhunt filed a notice of restricted appeal from a February 8, 2012 default judgment entered against her in Justice of the Peace, Precinct 6, Tarrant County. Because there is no basis upon which a restricted appeal may be brought directly from a justice court to this Court, we dismiss this appeal for want of jurisdiction.

---

[1]See Tex. R. App. P. 47.4.

A court of appeals has appellate jurisdiction of all civil cases within its district of which the district or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs. Tex. Gov't Code Ann. § 22.220(a) (West Supp. 2012). Appeals from justice courts generally lie either in the county or the district court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.001 (West 2008); *see also* Tex. R. Civ. P. 574b. Consequently, a justice court judgment cannot be appealed directly to the court of appeals. *See* Tex. Gov't Code Ann. § 22.220(a); Tex. Civ. Prac. & Rem. Code Ann. § 51.001; *Tejas Elevator Co. v. Concord Elevator, Inc.*, 982 S.W.2d 578, 579 (Tex. App.—Dallas 1998, no pet.) (mem. op.).

On August 2, 2012, we notified Whisenhunt of our concern that we may not have jurisdiction over her appeal from the judgment signed February 8, 2012, in the justice court and cited Texas Civil Practice and Remedies Code section 51.001. We informed Whisenhunt that her appeal may be dismissed for want of jurisdiction unless she or any party desiring to continue the appeal filed a response on or before August 13, 2012, showing grounds for continuing the appeal. Whisenhunt responded with a letter brief arguing that her restricted appeal was timely filed; she did not, however, point to any statutory provision giving this court jurisdiction over an appeal from a justice court judgment.

Even though Whisenhunt's notice of restricted appeal was timely filed, we are without jurisdiction because the restricted appeal is from a justice court judgment. *See* Tex. Gov't Code Ann. § 22.220(a); *Ingle v. Samuel*, No. 12-09-

2

00002-CV, 2009 WL 189095, at *1 (Tex. App.—Tyler Jan. 21, 2009, no pet.) (mem. op.) (dismissing attempted restricted appeal from justice court judgment); *Automania, L.L.C. v. May*, No. 03-03-00592-CV, 2004 WL 852275, at *1 (Tex. App.—Austin Apr. 22, 2004, no pet.) (mem. op.) (same); *see also Tejas Elevator Co.*, 982 S.W.2d at 579 (dismissing appeal from justice court judgment). Accordingly, we dismiss the appeal for want of jurisdiction.

SUE WALKER<br>
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  August 30, 2012