02-12-310-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00310-CV

 

 


 
 
 Robin Whisenhunt
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Trudy Hill
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM JUSTICE COURT, PRECINCT 6 OF TARRANT COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Robin Whisenhunt filed a notice of restricted appeal from a February 8, 2012
default judgment entered against her in Justice of the Peace, Precinct 6,
Tarrant County.  Because there is no basis upon which a restricted appeal may
be brought directly from a justice court to this Court, we dismiss this appeal
for want of jurisdiction.

          A
court of appeals has appellate jurisdiction of all civil cases within its
district of which the district or county courts have jurisdiction when the
amount in controversy or the judgment rendered exceeds $250, exclusive of
interest and costs.  Tex. Gov’t Code Ann. § 22.220(a) (West Supp. 2012). 
Appeals from justice courts generally lie either in the county or the district
court.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.001 (West
2008); see also Tex. R. Civ. P. 574b.  Consequently, a justice court
judgment cannot be appealed directly to the court of appeals.  See Tex.
Gov’t Code Ann. § 22.220(a); Tex. Civ. Prac. & Rem. Code Ann. § 51.001; Tejas
Elevator Co. v. Concord Elevator, Inc., 982 S.W.2d 578, 579 (Tex.
App.—Dallas 1998, no pet.) (mem. op.).

          On
August 2, 2012, we notified Whisenhunt of our concern that we may not have
jurisdiction over her appeal from the judgment signed February 8, 2012, in the justice
court and cited Texas Civil Practice and Remedies Code section 51.001.  We
informed Whisenhunt that her appeal may be dismissed for want of jurisdiction
unless she or any party desiring to continue the appeal filed a response on or
before August 13, 2012, showing grounds for continuing the appeal.  Whisenhunt
responded with a letter brief arguing that her restricted appeal was timely
filed; she did not, however, point to any statutory provision giving this court
jurisdiction over an appeal from a justice court judgment.

          Even
though Whisenhunt’s notice of restricted appeal was timely filed, we are
without jurisdiction because the restricted appeal is from a justice court
judgment.  See Tex. Gov’t Code Ann. § 22.220(a); Ingle v. Samuel,
No. 12-09-00002-CV, 2009 WL 189095, at *1 (Tex. App.—Tyler Jan. 21, 2009, no
pet.) (mem. op.) (dismissing attempted restricted appeal from justice court
judgment); Automania, L.L.C. v. May, No. 03-03-00592-CV, 2004 WL 852275,
at *1 (Tex. App.—Austin Apr. 22, 2004, no pet.) (mem. op.) (same); see also
Tejas Elevator Co., 982 S.W.2d at 579 (dismissing appeal from justice court
judgment).  Accordingly, we dismiss the appeal for want of jurisdiction.

 

 

 

SUE WALKER 
JUSTICE

 

PANEL: 
WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED:  August 30, 2012 








 









[1]See Tex. R. App. P. 47.4.