Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-12-00401-CV

Angela Marie **WILTZ** d/b/a Davenport Lounge and Andrew J. Tejeda,
Appellants

v.

Stephen E. **LOVICK**,
Appellee

From the Justice of the Peace Precinct 3, Bexar County, Texas
Trial Court No. 30-C-11-02006-01
Honorable Keith Baker, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
           Sandee Bryan Marion, Justice
           Phylis J. Speedlin, Justice

Delivered and Filed:  September 12, 2012

DISMISSED FOR LACK OF JURISDICTION

Appellants Angela Marie Wiltz d/b/a Davenport Lounge and Andrew J. Tejeda have filed a notice of restricted appeal in this court. Appellants seek to appeal a judgment of the Justice Court, Precinct Three, Bexar County, Texas. We dismiss this appeal for lack of jurisdiction.

In Texas, a court of appeals has appellate jurisdiction of all civil cases within its district of which the district or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs. TEX. GOV'T CODE ANN.

§ 22.220(a) (West Supp. 2012). To invoke the jurisdiction of a court of appeals, an appellant must obtain a final, appealable judgment from the county or district court. *Tejas Elevator Co. v. Concord Elevator, Inc.*, 982 S.W.2d 578, 579 (Tex. App.—Dallas 1998, no pet.); *see* TEX. GOV'T CODE ANN. §§ 28.052, 28.053 (West Supp. 2012) (authorizing, in claims originating in small claims court, an appeal to a court of appeals following trial de novo in county court). A justice court judgment cannot be appealed directly to a court of appeals. *Whisenhunt v. Hill*, No. 02-12-00310-CV, 2012 WL 3733868, at *1 (Tex. App.—Waco August 30, 2012, no pet. h.). A justice court judgment must be appealed directly to the county or the district court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001 (West 2008); TEX. R. CIV. P. 571-574b.

Here, appellants seek to appeal directly to this court from a justice court judgment. On August 9, 2012, we ordered appellants to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellants filed a response in which they assert this court has jurisdiction pursuant to Texas Rule of Appellate Procedure 30. *See* TEX. R. APP. P. 30. Rule 30 governs restricted appeals; however, it does not expand the jurisdiction of a court of appeals to include appeals from justice court judgments. *See* TEX. GOV'T CODE ANN. § 22.220(a); *id*.

We conclude we lack jurisdiction over this appeal. We, therefore, dismiss this appeal for lack of jurisdiction. *See Whisenhunt*, 2012 WL 3733868, at *1 (dismissing for lack of jurisdiction a restricted appeal from a justice court judgment); *Tejas Elevator*, 982 S.W.2d at 579 (dismissing for lack of jurisdiction an appeal from a justice court judgment).

PER CURIAM