

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00233-CV

Jeremiah A. **MARTIN**,
Appellant

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2015CV01933
Honorable David J. Rodriguez, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  April 20, 2016

REVERSED AND RENDERED; CAUSE REMANDED

Jeremiah A. Martin appeals the county court's order denying his motion to reinstate his appeal from justice court to county court. On appeal, Martin contends he never received notice of the county court's intention to dismiss his appeal based on his failure to pay costs. We reverse the judgment of the county court and render judgment granting Martin's motion to reinstate. We remand the cause to the county court for further proceedings.

**BACKGROUND**

On February 3, 2015, the justice court entered a judgment in favor of Federal National Mortgage Association in its forcible detainer action against Martin. Martin perfected an appeal to the county court.

On February 17, 2015, the county clerk sent Martin's attorney notice that the appeal would be deemed not perfected if Martin failed to pay the costs on appeal within twenty days or by March 13, 2015. On March 17, 2015, the county clerk sent Martin's attorney notice that the appeal was deemed not perfected and the papers in the cause were being returned to the justice court.

On March 27, 2015, Martin filed a motion to reinstate his appeal, asserting his attorney did not receive the initial notice regarding the payment of costs. After a hearing, the county court denied the motion to reinstate for want of jurisdiction.

**DISCUSSION**

Martin contends his appeal should not have been dismissed because his attorney did not receive the county clerk's notice regarding the payment of costs. Although Martin acknowledges the county clerk's notice was sent to the address of his attorney's home office, Martin asserts his attorney never received the notice, and the return receipt was signed by someone other than his attorney or his attorney's two legal assistants. Martin further asserts his attorney "has complete control over his home/office, lives alone, and no one other than [his attorney] or [his attorney's] employees could receive mail at [his attorney's] home/office." Federal National Mortgage Association responds that Martin did not present any evidence to the county court in support of his assertion that the county clerk's notice was not properly delivered.[1]

---

[1] Federal National Mortgage Association also responds Martin did not file a motion to reinstate in the county court. The clerk's record in this appeal, however, contains a motion to reinstate filed by Martin. The clerk's record also contains an agreed motion to set a hearing on Martin's motion to reinstate which was signed by Federal National Mortgage Association's attorney.

Rule 143a of the Texas Rules of Appellate Procedure entitled "Costs on Appeal to County Court" states:

> If the appellant fails to pay the costs on appeal from a judgment of a justice of the peace or small claims court within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the justice of the peace having original jurisdiction and the justice of the peace shall proceed as though no appeal had been attempted.

TEX. R. CIV. P. 143a. The payment of costs after receipt of the county clerk's notice is a jurisdictional requirement. *See Miller v. Henderson*, 06-12-00093-CV, 2013 WL 656852, at *2 (Tex. App.—Texarkana Feb. 21, 2013, pet. denied) (mem. op.); *Watkins v. Debusk*, 286 S.W.3d 58, 60 (Tex. App.—El Paso 2009, no pet.). The existence of the county court's jurisdiction is a question of law that we review de novo. *See Miller*, 2013 WL 656852, at *1; *Watkins*, 286 S.W.3d at 60.

Rule 21a of the Texas Rules of Civil Procedure provides "[s]ervice by mail [is] complete upon deposit of the document, postpaid and properly addressed, in the mail." TEX. R. CIV. P. 21a. "[N]otice properly sent pursuant to Rule 21a raises a presumption that notice was received." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005); *see also Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). "This presumption may be rebutted by an offer of proof of nonreceipt." *Cliff*, 724 S.W.2d at 780; *see also Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (noting presumption rebutted by affidavit). "In the absence of evidence to the contrary, the presumption has the force of a rule of law." *Cliff*, 724 S.W.2d at 780. "The presumption, however, is not 'evidence' and it vanishes when opposing evidence is introduced that the letter was not received." *Id.*

In this case, Martin's attorney stated the following at the hearing on the motion to reinstate:[2]

> . . . And there was — and there's evidence here that this did not — and you are standing before the person who the notice was sent to and we're looking at a document that's part of the certified mail. It's the return receipt. And I'm standing here being able to swear to that that notice, that signature, is not mine and it does not belong to anyone under my control. And this is my home — home office.

"Normally, an attorney's statements must be under oath to be considered evidence." *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). "[H]owever, the opponent of the testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary." *Id*. In this case, the record shows Martin's attorney was clearly attempting to prove nonreceipt or the absence of proper service; therefore, opposing counsel should have known to object to the unsworn statements. *See id*. Because no objection was made, the statements by Martin's attorney are evidence of nonreceipt. *See id*. And, because Martin offered evidence that his attorney never received the county clerk's notice to pay costs, the presumption of service under Rule 21a was overcome. *See Unifund CCR Partners*, 262 S.W.3d at 797 (noting presumption of service under Rule 21a rebutted by attorney's affidavit); *Smith v. Holmes*, 53 S.W.3d 815, 817-18 (Tex. App.—Austin 2001, no pet.) (presumption of service overcome by party's uncontested, unequivocal denial that he did not receive notice); *cf. City of Houston v. Riner*, 896 S.W.2d 317, 319-20 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (allowing withdrawal of deemed admissions when certified mail return receipt was signed by security guard of office building who did not have authority to sign receipt for attorney).

---

[2] Although the appellate record did not originally contain the reporter's record from the hearing on the motion to reinstate, the judgment recited the county court made its ruling "after having reviewed the evidence, listened to the testimony and the argument of counsel." Based on this recital, this court obtained the reporter's record from the hearing. TEX. R. APP. P. 34.6(d) (allowing appellate court to supplement record if anything relevant is omitted).

As previously noted, an appeal is only deemed not perfected under Rule 143a if the appellant fails to pay the required costs "within twenty (20) days after being notified to do so by the county clerk." TEX. R. CIV. P. 143a. In this case, the record establishes Martin's attorney never received the notice sent by the county clerk. Accordingly, the county court erred in denying Martin's motion to reinstate. *See DePue v. Henderson*, 801 S.W.2d 178, 179 (Tex. App.—Houston [14th Dist.] 1990, no writ) (holding trial court erred in applying Rule 143a when evidence established appellant did not receive proper notice from the county court to pay costs).

## CONCLUSION

The county court's judgment is reversed, and judgment is rendered granting Martin's motion to reinstate. The cause is remanded to the county court for further proceedings.

Marialyn Barnard, Justice