# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-26-00206-CV

---

**Liliane Ndagang, Appellant**

**v.**

**Ereyhon Denise Foster, Appellee**

---

**FROM THE JUSTICE COURT PRECINCT FOUR OF WILLIAMSON COUNTY**
**NO. 4SC-25-0141, THE HONORABLE RHONDA REDDEN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Liliane Ndagang filed a petition for writ of certiorari[1] from the justice court's default judgment rendered against her. This Court is obligated to determine, sua sponte, whether we lack jurisdiction over a matter. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). "Jurisdiction over an appeal of a justice court judgment lies in the county or district court." *Tejas Elevator Co. v. Concord Elevator, Inc.*, 982 S.W.2d 578, 579 (Tex. App.—Dallas 1998, no pet.); *Automania, L.L.C. v. May*, No. 03-03-00592-CV, 2004 WL 852275, at *1 (Tex. App.—Austin Apr. 22, 2004, no pet.) (mem. op.); *see* Tex. Const. art. 5, § 6 (delineating jurisdiction of courts of appeals); Tex. Civ. Prac. & Rem. Code § 51.001(a) ("In a case tried in justice court . . . a party to a final judgment may appeal to the county court."). Additionally, as an intermediate court of appeals, our authority to issue writs is

---

[1] Ndagang also referred to this as an "appeal" from the justice court's default judgment.

limited to writs of mandamus, writs of habeas corpus, and writs necessary to enforce our jurisdiction.  *Compare* Tex. R. Civ. P. 506.4(a) ("After final judgment in a case tried in justice court, a party may apply to the county court for a writ of certiorari."), *with* Tex. Gov't Code § 22.221(a), (d) (detailing writ authority of intermediate courts of appeals).

On February 26, 2026, we notified the parties that this case appeared to suffer from a jurisdictional defect.  We requested that appellant respond to our notice by March 10, 2026, and informed her that the failure to do so could result in the dismissal of this appeal.  Appellant filed a response on March 5, 2026, alleging that the county clerk's office refused to docket her petition for writ of certiorari and that she was not given notice of the final default hearing in the original justice court case.  These alleged defects do not vest this Court with jurisdiction to review a justice court's final judgment or to issue a writ against a justice of the peace.  *See* Tex. Gov't Code § 22.221(b); *Tejas Elevator Co.*, 982 S.W.2d at 579.  Accordingly, we conclude that we lack jurisdiction over this cause, and we dismiss it for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a).

_____

Maggie Ellis, Justice

Before Justices Triana, Kelly, and Ellis

Dismissed for Want of Jurisdiction

Filed:  March 13, 2026

2