**P. BOSCO & SONS CONTRACTING CORPORATION, Appellant,**

v.

**CONLEY, LOTT, NICHOLS MACHINERY COMPANY, Appellee.**

**No. 20906.**

Court of Appeals of Texas, Dallas.

Jan. 20, 1982.

Rehearing Denied Feb. 19, 1982.

Gordon H. Rowe, Jr., Gardere & Wynne, Dallas, for appellant.

Gerry N. Wren, Brice & Barron, Dallas, for appellee.

---

Before STOREY, STEPHENS and VANCE, JJ.

STEPHENS, Justice.

P. Bosco & Sons Contracting Corporation, defendant below, appeals the grant of a post-answer default judgment in favor of Conley, Lott, Nichols Machinery Company, plaintiff below, contending in three points of error that the trial court erred in denying defendant's motion for new trial because: (1) defendant had no notice of trial; (2) defendant established that its failure to appear at trial was not intentional or the result of conscious indifference; that defendant had a meritorious defense; and that the motion was filed at a time when the granting thereof would occasion no delay or otherwise injure plaintiff; and (3) that the account on which plaintiff's action was based showed upon its face that it was paid in full. We conclude that appellant's first point of error is dispositive of this case because notice of the trial setting was not given in the manner prescribed by Tex.R. Civ.P. 21a. Accordingly, we reverse and remand.

Plaintiff sued defendant on a sworn account to which defendant answered by general denial. The case was subsequently set for trial, and the clerk of the court notified the attorneys of record of the trial setting on December 15, 1980, by postcard. On the date set for trial, defendant failed to appear, and the court awarded plaintiff judgment. A copy of the judgment was promptly forwarded counsel for defendant, who, on the same day he received the judgment, filed a motion for new trial in which he alleged that he had no notice of the trial setting. At the conclusion of the hearing on defendant's motion, the trial court denied defendant's motion for new trial.

We are here confronted with the procedural requirements of Tex.R.Civ.P. 245, and Tex.R.Civ.P. 21a.

Tex.R.Civ.P. 245 provides that the court may set contested cases for trial on motion of any party, or on the court's own motion, with *reasonable notice* of not less than 10 days to the parties. Tex.R.Civ.P. 21a provides that every notice required by the rules other than original citation, and except as otherwise expressly provided in the rules, may be served by delivering a copy of the notice or of the document to be served to the party, his agent, or attorney of record, *either in person* or by *registered mail, or in any other manner as directed by the court.* (emphasis added).

The record in this case affirmatively shows that personal service was not employed nor was registered mail. The record further shows that the customary practice has arisen in Dallas County of notifying counsel of a trial setting by postcard. For this method of notice to satisfy the requirements of rule 21a, such method would have to be directed by the trial judge either in a specific case or as a general procedure to be followed by the clerk. We conclude that since the evidence revealed neither a general nor a specific direction to the clerk to notify the attorneys by postcard, the notice provisions of rule 21a were not satisfied.

Having determined that notice of the trial setting was not given in the manner prescribed by rule 21a, we are then confronted with the presumptions that arise by recitations in the judgment. The judgment of December 15, 1980 contained the recitation that "due and proper notice of the date and time of trial was given to both plaintiff and defendant." This recitation is prima facie evidence of proper notice and must be accepted as true in the absence of proof to the contrary. *Roberts v. Mullen*, 417 S.W.2d 74 (Tex.Civ.App.—Dallas), *affirmed*, 423 S.W.2d 576 (Tex.1968). However, in this case the evidence rebutted the presumption which arose by the recitation of due and proper notice. Consequently, with the prima facie proof afforded by the recitation rebutted, the burden then shifted to the plaintiff to show that defendant had actual notice of the trial setting. Plaintiff failed to sustain this burden.

Under rule 245, the parties must be given at least 10 days notice of trial in the absence of their agreement. The right of a party to be heard in a contested case is

fundamental, and failure to give adequate notice of the trial setting constitutes lack of due process. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Morris v. Morris*, 554 S.W.2d 792 (Tex.Civ. App.—San Antonio 1977, no writ); *Read v. Gee*, 551 S.W.2d 496 (Tex.Civ.App.—Ft. Worth 1977, writ ref'd n.r.e.).[1]

In a later case by our supreme court, *Mansfield State Bank v. Cohn*, 573 S.W.2d 181 (Tex.1978), the court was faced with a somewhat different fact situation in construing rule 245. In that case, the defendant Cohn, an attorney residing in New York, was not represented by counsel, and he failed to appear on the trial date. Cohn had been notified of a requested trial setting, in accordance with duly adopted local rules of civil procedure in Tarrant County, by a letter from plaintiff to defendant sent by certified mail, stating that plaintiff was requesting a trial setting from the district clerk. A second letter was sent, also by certified mail, containing a copy of a letter to the district clerk requesting a trial setting on a date certain. It was admitted that both of these notices were received. The court held that compliance with the notice provisions of the local rules satisfied the requirements of reasonable notice as prescribed by rule 245. We note that two justices dissented in that case, contending in their dissent that the notice required by rule 245 had not been afforded defendant by sending him a copy of a letter requesting a trial setting.

We conclude, from a review of the record, that there was no compliance with the reasonable notice provision of rule 245. Although a clerk's notice of a trial setting by postcard in accordance with a general practice does not satisfy the requirements of rule 21a, this opinion is not to be construed as a holding that notice of a trial setting by postcard does not comply with the reasonable notice requirements of rule 245 when such method of notice is actually directed by the trial judge, either as a procedure to be customarily followed in his court, or in a particular case.

Reversed and remanded.

---

1. It is worthy of note that the supreme court, in denying the application for writ of error in *Gee v. Read* with the notation "refused, no reversible error," stated that its action should not be interpreted as approving the conclusion of the Court of Civil Appeals that the trial court committed fundamental error which was subject to review without assignment. *Gee v. Read*, 561 S.W.2d 777 (Tex.1977) (per curiam). In this case, however, the question of lack of notice of trial was preserved in defendant's timely motion for new trial.