**Winston and Yvonne CHOW, Appellants,**

v.

**Richard and Linda DOLE, Appellees.**

**No. 01–84–00111–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Daniel K. Trevino, Jr., Jack H. Emmott, III, Emmott & Arbuckle, Houston, for appellants.

Terrell W. Oxford, Susman & McGowan, Kenneth S. Marks, Susman & McGowan, Houston, for appellees.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

OPINION

WARREN, Justice.

This is an appeal from a post-answer default judgment. The main issue for our determination is whether appellant was afforded notice of trial pursuant to Tex.R. Civ.P. 21a.

Appellees sued appellants alleging that appellants had fraudulently concealed serious structural defects in a home that appellees purchased from appellants. Appellants' attorney filed a general denial, and 18 months later, after giving notice to his clients, opposing counsel, and the court, he withdrew as counsel. Shortly thereafter, appellants employed Hellmut Erwin as counsel. Although he filed no pleading, he did notify the court and opposing counsel that he was representing appellants.

Two and one-half years later, appellees requested that the case be certified as ready for trial. Counsel for appellees attempted to notify appellants as well as Mr.

Erwin that the trial court had certified the case and that it would probably come up for trial within the next two months. Appellants did not receive this certified letter, although it was delivered to their correct address. Mr. Erwin by this time had been disbarred. No further notice was sent out by appellees, and the only notice apparently sent out by the court of the trial setting was a postcard which does not appear in the record, and whose contents were not described at the hearing on the motion for new trial. Appellant Winston Chow testified that he did not actually receive any notice of trial from the clerk's office. The court clerk testified that she tried to call appellants three days before trial, but was unable to find a telephone number for them.

Appellants did not appear at trial, and the trial court entered a post-answer default judgment against them in the amount of $168,780.25. The district clerk's office notified appellants of the judgment by postcard. Appellants admitted receiving this postcard, and they then hired a third attorney, who filed a motion for new trial, alleging lack of notice of trial setting.

 Appellees claim that they complied with the local rules of the district courts in Harris County, and that these rules provided appellants with reasonable notice of certification for trial under the provisions of Tex.R.Civ.P. 245. However, notice of certification does not remove the necessity for notice of setting for trial. Appellees have not included in the record before us on appeal a certified copy of the local rules, nor have they demonstrated that the rules regarding trial settings were followed. We may not take judicial notice of the local rules of the district courts absent a showing that those local rules have been filed with the Texas Supreme Court. *Rotello v. State*, 666 S.W.2d 194 (Tex.App.—Houston [14th Dist.] 1983, no writ); *see also P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Machinery Co.*, 629 S.W.2d 142 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); *Stoner v. Thompson*, 570 S.W.2d 511 (Tex.Civ.App.—

Waco 1978) reformed on other grounds, 578 S.W.2d 679 (Tex.1979).

Parties must be given reasonable notice of at least 10 days before a case may be set for trial. Tex.R.Civ.P. 245 (Vernon Supp.1984). There is no indication in the record before us that appellants received actual notice, nor is there any indication that notice was attempted as provided by Rule 21a or in accordance with a promulgated local rule. We do not consider that the notice of certification sent in this case, standing alone, constitutes sufficient notice of a trial setting as required by Rule 245. A fundamental element of due process is adequate and reasonable notice of proceedings. *Mexia Independent School District v. City of Mexia*, 134 Tex. 95, 133 S.W.2d 118 (1939). In light of the record, the trial court erred in rendering judgment for appellees.

Appellant's first point of error is sustained, the judgment of the trial court is reversed, and the case is remanded for a new trial.