Donn R. WILSON, Appellant,

v.

INDUSTRIAL LEASING
CORPORATION,
Appellee.

No. 01–84–0705–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 18, 1985.
Rehearing Denied April 18, 1985.

William J. Mays, Mays & Norwood,
Houston, for appellant.

Jerry W. Bussell, Stafford, for appellee.

Before EVANS, C.J., and COHEN and
DUNN, JJ.

OPINION

EVANS, Chief Justice.

The original opinion, filed February 28,
1985, is hereby withdrawn, and the follow-
ing opinion is substituted:

This is a writ of error proceeding to
review a post-answer default judgment.
The principal question before us is whether
the record shows that proper notice of the
trial setting was provided to the appellant
as required by Texas Rule of Civil Proce-
dure 245. We find the record deficient in
this respect, and we therefore reverse the
trial court's judgment and remand the
cause for a new trial.

The appellee, Industrial Leasing Corpora-
tion, sued the appellant, Donn R. Wilson,

and also named as defendants Robyn Wilson, Peter D'A. Cook, and Alida Cook, alleging breach of a five-year lease of restaurant equipment. The appellee alleged that the defendant Peter D'A. Cook executed the lease as president of the lessee, Old West Provision Company, and that all the named individual defendants were liable as guarantors of the lease. On March 12, 1984, the trial court entered a final judgment in favor of the appellee and against all named defendants other than Robyn Wilson, who had been severed from the action. The final judgment recites that the matter was heard on February 28, 1984, that the defendants Peter D'A. Cook and Alida Cook had been duly served with citation and wholly made default, and that the defendant Donn R. Wilson had filed an answer, but having been duly notified to appear, failed to appear in person or by attorney and wholly made default. The trial court's judgment awarded the appellee $50,826.47, plus $2,500 as attorney's fees.

A writ of error constitutes a direct attack on the default judgment, and for an appellant to obtain relief by this means, the invalidity of the judgment must be disclosed by the papers on file in the case. *Pace Sports, Inc. v. Davis Brothers Publishing Co.*, 514 S.W.2d 247 (Tex.1974) (per curiam). The reviewing court will look only to the record on file in the trial court to determine invalidity. *Fears v. Mechanical & Industrial Technicians, Inc.*, 654 S.W.2d 524, 528 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). The usual presumptions of a judgment's validity are not indulged in a writ of error proceeding. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965).

The appellant contends in his first point of error that the trial court erred in entering judgment, because his counsel withdrew from the case without his knowledge, and after such withdrawal, he was never given notice of the trial setting.

Rule 245 of the Texas Rules of Civil Procedure provides that the court may set contested cases for trial on motion of any party, or on the court's own motion, with reasonable notice to the parties of not less than 10 days. Rule 21a recites that any notice, other than the original citation upon filing suit or as otherwise expressly provided, may be served by delivering a copy of the notice to the party to be served either in person, by registered or certified mail, or in any other manner the court directs. A failure to give this required notice constitutes a denial of a party's due process right to be heard in a contested case. *Chow v. Dole*, 677 S.W.2d 220 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Williams v. Holley*, 653 S.W.2d 639, 640 (Tex.App.—Waco 1983, writ ref'd n.r.e.).

In the writ of error proceeding at bar, the recitation of due notice of the trial setting in the judgment constitutes some, but not conclusive, evidence that proper notice was given. *See P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Machinery Co.*, 629 S.W.2d 142, 143 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); *Roberts v. Mullen*, 417 S.W.2d 74, 78 (Tex. Civ.App.—Dallas 1967), *aff'd*, 423 S.W.2d 576 (Tex.1968). Where a judgment recitation is effectively rebutted by other evidence in the record, it is no longer taken to be true. *See P. Bosco & Sons Contracting Corp.*, 629 S.W.2d at 143.

In the statement of facts of the trial proceeding, only a brief discussion between the court and the appellee's counsel relates to the issue of whether the appellant had actual or constructive notice of the trial setting, as required by rule 245:

THE COURT: All right, and what about the location of the Defendant, Donn Wilson?

MR. BUSSELL: My efforts to locate Donn Wilson consisted of sending correspondence to the last known address in Houston, and that letter was returned with a new forwarding address. Correspondence was sent out to the new forwarding address, which was returned with no forwarding address listed.

I then asked my client, Industrial Leasing, to make a search in order to locate Donn Wilson. That search resulted in an address in Sarasota, Florida. Correspon-

dence to that address was returned with no forwarding address.

A subsequent search by Industrial Leasing has led to Canada: "No Address," "Unknown."

Our efforts to locate Donn Wilson have been fruitless.

Of course, the other two, the Cooks, have been severed and defaulted.

And I also contacted one attorney that had previously represented Donn Wilson, and had been allowed to withdraw, and he had no information available as to the whereabouts of his former client.

Plaintiff rests.

The appellee's brief suggests that a "trial certification request" was sent by regular and by certified mail on January 28, 1983, to the appellant's last two known addresses in Houston and Florida and that both envelopes were returned with the notation, "Moved, Left No Address." We find several cancelled postmarked envelopes in the record. The appellee's brief further suggests that this information was communicated to the trial court at the certification hearing and that the case was certified for trial on February 20, 1984. However, these "facts" were not specifically developed at trial, where the appellee's counsel stated only that "correspondence" sent to the appellant had been returned. Although a letter from the appellee's attorney to the clerk of the 269th District Court refers to an enclosed "trial certification request," we do not find such a request in the record.

There is no evidence, moreover, that proper notice of the actual trial setting was given pursuant to rule 245. The testimony at trial that all correspondence sent to the appellant was returned as undeliverable indicates that the appellant had no actual notice of the trial date. As discussed above, the appellee's brief suggests that constructive notice of the trial certification request was attempted, but this court has previously held that notice of a trial certification request, standing alone, does not constitute sufficient notice of the trial set-

ting as required by rule 245. *Chow v. Dole,* 677 S.W.2d 220.

Since there was no evidence that the appellant received actual notice of the trial date, nor was there evidence of sufficient constructive notice of the trial setting, we conclude that the record does not demonstrate that the appellant had adequate and reasonable notice of the trial date pursuant to rules 245 and 21a. We sustain the first point of error. Because of this disposition, we need not reach the appellant's other points of error.

In view of further proceedings, however, we briefly consider the second point of error, in which the appellant contends that judgment should not have been rendered against him as a guarantor of the lease, since no judgment was obtained against the contract's primary obligor, Old West Provision Company. We note that the terms of the guaranty agreement expressly waive any right to have the primary obligor joined in a suit as a party defendant. Such agreements are valid and enforceable. *See Yandell v. Tarrant State Bank,* 538 S.W.2d 684, 687–88 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.). We overrule the second point of error.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.