Adrian **SEBASTIAN**, Appellant,

v.

**BRAEBURN VALLEY HOMEOWNER'S ASSOCIATION**, Appellee.

No. 01–92–00656–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 10, 1994.

Michael B. Charlton, Houston, for appellant.

Polland & Cook, L.L.P., David L. Cook, Jr., Houston, for appellee.

Before HEDGES, DUGGAN and O'CONNOR, JJ.

## OPINION

HEDGES, Justice.

In this writ of error proceeding to review a post-answer default judgment, we are asked to decide whether the record shows that the appellant received proper notice of an injunction hearing. Finding that he did not, we reverse and remand.

### Fact summary

In 1983, Braeburn Valley Homeowner's Association obtained a temporary injunction enjoining Adrian Sebastian from storing inoperable automobiles on his property in violation of subdivision deed restrictions. An agreed order provided that the temporary injunction would be subject to a final hearing to determine the necessity of a permanent injunction. The case was set to be dismissed for want of prosecution but was retained on the docket at the behest of Braeburn Valley. On October 22, 1991, the trial court entered a final default judgment granting Braeburn Valley a permanent injunction and attorney's fees. The judgment recites that the permanent injunction hearing was held September 17, 1991, that Sebastian had been "duly notified as to the time and place of trial," and that he failed to appear in person or by his attorney.

It is uncontested that all notices of the hearing were sent to Sebastian's attorney of record, Steven O'Keefe. We take judicial notice of the fact that on March 28, 1990, O'Keefe relinquished his license to practice law in settlement of a grievance proceeding against him brought by the state Bar of Texas. A postcard dated March 26, 1991, giving notice that the court had signed a docket control/pretrial order was mailed to O'Keefe. This card was returned to the district clerk's office undelivered and marked "forwarding order expired." In his sole point of error, Sebastian argues that the trial court erred in proceeding to trial without giving him adequate notice.

### Writs of Error

A writ of error constitutes a direct attack on a default judgment. For an appellant to prevail, he must demonstrate the invalidity of the judgment on the face of the record. *Wilson v. Indus. Leasing Corp.*, 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ). The record in a writ of error proceeding consists of the transcript, and where available, a statement of facts. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex.1991). The usual presumptions in favor of a judgment's validity do not arise in a writ of error proceeding. *Id.*

The four elements necessary for review by writ of error are: (1) that the petition must be brought within six months of the date of judgment; (2) that it be brought by a party to the suit; (3) that the applicant did not participate at trial; and (4) that the error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Hesser v. Hesser*, 842 S.W.2d 759, 765 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Having met the first three requirements, Sebastian must establish from the face of the record that he did not receive notice of the hearing.

## Proper Receipt of Notice

■ Notice required by the Texas Rules of Civil Procedure may be served by delivering a copy to the party to be served or to his duly authorized agent or attorney of record. Delivery is to be made to the party's or his attorney's last known address. TEX.R.CIV.P. 21a. Adequate and reasonable notice of proceedings is a fundamental element of due process. *Chow v. Dole*, 677 S.W.2d 220, 221 (Tex.App.—Houston [1st Dist.] 1984, no writ).

In *Wilson*, 689 S.W.2d at 496, this Court addressed the issue of proper notice in a post-answer default judgment case. We held that even though the judgment recited due notice was given, testimony that letters sent to the defendant marked, "Moved, left no address," established that he had no actual notice of the trial date:

[T]he recitation of due notice of the trial setting in the judgment constitutes some, but not conclusive, evidence that proper notice was given. Where a judgment recitation is effectively rebutted by other evidence in the record, it is no longer taken as true.

*Id.* at 497 (citations omitted).

## Improper Address

■ Because the judgment in this case recites that due notice had been given, we look to the transcript to see whether the record contains rebuttal evidence.[1] The transcript includes a returned postcard indicating the March 22, 1991, docket control order stating the date of the hearing had been signed. It was addressed to Steven Michael O'Keefe, postmarked March 26, 1991, and returned to the court marked "forwarding order expired." The record shows that the plaintiff's first amended original petition was sent to O'Keefe at two addresses on September 6, 1991. There is nothing in the record, however, to indicate the pleading was received. Braeburn Valley argues it sent notice in conformance with TEX.R.CIV.P. 21a and through the court's direction.

1. We will not review the statement of facts because it was not filed timely, and no extension

■ A post-answer default will not be overturned simply because there is no affirmative proof that notice of the trial setting was given. *Robert S. Wilson Inv. No. 16, Ltd. v. Blumer*, 837 S.W.2d 860, 861–62 (Tex. App.—Houston [1st Dist.] 1992, no writ). In this case the undelivered postcard marked "forwarding order expired" indicates notice was not given because the wrong address was used. This evidence is not dispositive, however, because the postcard was not the notice of the hearing date itself. The nondelivery and the notation are some evidence that, by inference, notice of the hearing was not given.

## Attorney No Longer Licensed

■ There is additional evidence in the record that Sebastian did not receive notice under TEX.R.CIV.P. 21a. Any notice that was sent to his attorney of record, Steven O'Keefe, was defective because O'Keefe was no longer licensed to practice law in the state of Texas. Once O'Keefe relinquished his law license, his attorney-client relationship with Sebastian terminated, and service of notice on the former attorney will not be imputed to his former client. In *Langdale v. Villamil*, 813 S.W.2d 187, 189–90 (Tex.App.—Houston [14th Dist.] 1991, no writ), the court held

Notice acquired by the attorney after the termination of the attorney-client relationship will not be imputed to the former client. . . . Where notice of a scheduled court appearance is sent to one who is not a party's attorney of record, the result is denial of due process of law for want of service of notice.

*Id.* at 190 (citations omitted).

■ The recitations of the default judgment provide prima facie evidence of proper notice. This evidence can be rebutted by evidence in the record and by facts judicially noticed by this Court. *See Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex.1987); *Wilson*, 689 S.W.2d at 497. Sebastian asserts that he never received notice required by TEX. R.CIV.P. 21a. We find that the evidence on

was requested. TEX.R.APP.P. 54(a).

the face of the record supports his contention.

We sustain point of error one.

We reverse the judgment of the trial court and remand this cause for trial on the merits.