**Affirmed and Opinion Filed August 9, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01113-CV

## IN THE INTEREST OF B.A.E., Z.R.E., AND A.C.E, Children

On Appeal from the 380th Judicial District Court
Collin County, Texas
Trial Court Cause No. 380-50454-2010

## MEMORANDUM OPINION
Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Francis

Lisa Edwards appeals the trial court's order appointing her ex-husband Jeffrey Edwards sole managing conservator of their children, B.A.E., Z.R.E, and A.C.E., and ordering Lisa to pay $600 a month in child support. In three issues, Lisa complains the trial court abused its discretion by conducting a final hearing without notice to her, modifying the existing order without sufficient evidence, and ordering her to pay $3,000 in attorney's fees. We affirm.

The parties divorced in June 2010. Both were named joint managing conservators, with Lisa having the exclusive right to establish the primary residence of the children. Jeffrey was ordered to pay $1,200 a month in child support. In March 2011, Jeffrey filed a petition to modify parent-child relationship, alleging the circumstances of the children had materially and substantially changed and it was in the children's best interest that he be named sole managing conservator. Lisa, an attorney, filed special exceptions, an original verified answer, and a motion

for enforcement of past due child support and reimbursements for health insurance. During the next eight months, the trial court appointed a co-parenting facilitator and ordered the parties to meet with the facilitator to minimize their conflicts and resolve their parenting or family issues, Lisa sought a protective order, Jeffrey filed a June 28, 2011 amended motion to modify, and the attorney general's office intervened. In February 2012, Lisa's attorney filed a motion to withdraw which the trial court granted.

A hearing on the motion to modify was conducted on Thursday, April 26, 2012. Before the hearing, the following discussion occurred between the trial court, Steven Brooks (Jeffrey's counsel), and Tristan Harper, the attorney from the attorney general's office:

> THE COURT: In the Matter of the Marriage of Edwards. This is a request for modification?
>
> BROOKS: Yes, Judge, it basically is a request to -- modification has been on file for sometime now, but it is a request to go ahead and modify the primary residence of the children, as well as to terminate the child support that is currently ordered in regards to Mr. Edwards, Jeffrey Edwards.
>
> HARPER: I'm Tristan Harper, and I'm from the Attorney General's office. I don't think we've seen mom here today.
>
> BROOKS: So far, Judge, I have not seen the other side. Mother has been noticed to be here, but so far, I have not seen her.
>
> THE COURT: Does anybody have a phone number for her?
>
> HARPER: I can probably try to call. She did come by our -- the 4D courtroom on Monday to ask us to specifically be here, so I know she knows about it.
>
> THE COURT: I just want to make sure that something hasn't come up like a traffic accident that prevented -- if you don't mind trying to make a phone call and see, and if you have no luck or whatever the situation may be, we'll proceed at that time.
>
> HARPER: Okay. Give me about 10 minutes. I'll be right back.
>
> (Short recess)

2

No mention is made of whether Lisa was successfully contacted or not. The hearing was held, and in an order dated May 18, 2012, the trial court granted Jeffrey's motion, removed Lisa and Jeffrey as managing conservators, and named Jeffrey sole managing conservator of the children. Lisa was ordered to pay $600 in child support per month and $3,000 in attorney's fees. The trial court also affirmed an arrearage judgment against Jeffery in the amount of $6,332 and ordered him to make monthly payments on the judgment. The order recites the case was called to trial on April 26, 2012, and "Respondent, Lisa T. Edwards, has made a general appearance and was duly notified of trial but failed to appear and defaulted."

Within thirty days, Lisa, as attorney acting pro se, filed a sworn motion for new trial in which she alleged, among other things, she did not receive "legal notice" of the trial setting. In the motion, she says she "mistakenly believed she would receive legal notice regarding the date to appear," but does not state she did not have actual notice. Attached to the motion is a two-page single-spaced, affidavit, dated September 1, 2011, in which Lisa details the complaints she had against Jeffrey when she filed for a temporary restraining order in the fall of 2011. The affidavit does not address any complaints raised in her motion for new trial, specifically whether she had no notice of the hearing on the motion to modify. The motion for new trial was overruled by operation of law, and appeal was brought by Lisa.

In her first issue, Lisa claims the trial court abused its discretion by conducting a final hearing and entering a final order on the motion to modify when she did not receive notice of the hearing. In her motion for new trial, Lisa claimed:

> [She] was not served legal notice of the trial setting on Petitioners' Motion to Modify Parent-Child Relationship. Respondent is entitled to a new trial if service of process or of any required notice was not provided strictly in compliance with all legal requirements. This includes citation as well as notice of a trial setting before the rendition of a post answer default judgment. Respondent mistakenly believed she would receive legal notice regarding date to appear.

3

In her brief on appeal, Lisa states the "record before us" does not show when the April 26 hearing was set, it was "conducted without any notice to Appellant," and there is "no legal or competent evidence that appellant was notified of the hearing."

Notice of trial setting ordinarily does not appear in the transcript and need not affirmatively appear in the record. *Bruneio v. Bruneio*, 890 S.W.2d 150, 155 (Tex. App.—Corpus Christi 1994, no writ). Rather, the law presumes that a trial court will hear a case only after proper notice to the parties. *Hanners v. State Bar of Tex.*, 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, writ dism'd); *Bruneio*, 890 S.W.2d at 155.

A recitation of due notice of the trial setting in the judgment constitutes some evidence that proper notice was given. *Wilson v. Indus. Leasing Corp.*, 689 S.W.2d 496, 497 (Tex. App.—Houston [1st Dist.] 1985, no writ). To rebut this presumption, an appellant has the burden to affirmatively show a lack of notice by affidavit or other competent evidence. *Hanners*, 860 S.W.2d at 908; *Jones v. Tex. Dept. of Pub. Safety*, 803 S.W.2d 760, 761 (Tex. App.—Houston [14th Dist.] 1991, no writ). This burden is not discharged by mere allegations in a motion for new trial, unsupported by affidavits or other competent evidence, that proper notice was not received. *Hanners*, 860 S.W.2d at 908. If a judgment is effectively rebutted by other evidence in the record, the presumption of proper notice is no longer taken to be true. *P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Mach. Co.*, 629 S.W.2d 142, 143 (Tex. App.—Dallas 1982, writ ref'd n.r.e.); *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied).

We begin with the trial court's judgment in this case which states "Respondent, Lisa T. Edwards, has made a general appearance and was duly notified of trial but failed to appear and defaulted." This recitation of notice constitutes some evidence Lisa received notice of the

hearing. *See Wilson*, 689 S.W.2d at 497. Furthermore, as detailed above, the reporter's record shows the hearing was held on Thursday, April 26, 2012. Jeffrey's counsel states on the record that Lisa "has been noticed to be here" and the attorney for the AG agreed, noting Lisa "did come by our -- the 4D courtroom on Monday to ask us to specifically be here, so I know she knows about it." The trial court took a recess to allow a phone call to Lisa and resumed thereafter. This also constitutes some evidence that Lisa had notice at least three days before the Thursday hearing.

To rebut this presumption, Lisa had to show, by affidavit or other competent evidence, that proper notice was not received. The only evidence Lisa filed with her motion for new trial was the September 2011 affidavit filed in support of the trial court's September 1, 2011 temporary restraining order. This affidavit does not address whether she had notice of the April 26, 2012 hearing. Assuming Lisa's sworn motion for new trial constituted evidence, she asserts only that she did not receive "legal notice" of the hearing; she did not assert she had no notice of the hearing. Because Lisa failed to meet her burden of showing, by affidavit or other competent evidence, that proper notice was not received, she failed to rebut the presumption of notice and, therefore, has failed to show she is entitled to relief. We overrule her first issue.

In her second issue, Lisa claims the trial court abused its discretion by granting Jeffrey's motion to modify the parent-child relationship. Lisa first argues Jeffrey's petition for modification should have been denied because he did not attach an affidavit as required by section 156.102 of the family code.

Section 156.102 provides if a person files a suit to modify the designation of the person having the exclusive right to designate the primary residence of the child within one year of the order to be modified, the petitioner shall execute and attach an affidavit containing at least one of

5

three specified allegations, along with supporting facts. TEX. FAM. CODE ANN. § 156.102(a)–(b) (West Supp. 2012). If the affidavit is insufficient, the trial judge shall deny the relief sought and refuse to schedule a hearing for modification. *Id.* § 156.102(c). Although Lisa argues Jeffrey's petition did not attach an affidavit containing any of the three allegations listed in section 156.102(b) and the trial court should not have granted relief, we conclude she has waived this issue.

To preserve error, Lisa had to make a timely request, objection, or motion in the trial court. *See* TEX. R. APP. P. 33.1(a). Although Lisa filed special exceptions complaining of the lack of an affidavit, she did not secure a ruling on her exceptions. A movant who files special exceptions but does not obtain a ruling fails to preserve the issue for appellate review. *See Smith v. Grace*, 919 S.W.2d 673, 678 (Tex. App.—Dallas 1996, writ denied). We conclude Lisa waived any defect in Jeffrey's petition.

Next, Lisa argues there was no material change in circumstances warranting a modification. The trial court has broad discretion in matters of custody. *In re S.E.K.*, 294 S.W.3d 926, 929–30 (Tex. App.—Dallas 2009, pet. denied). We review the trial court's order under a well-established abuse of discretion standard. *See In re M.P.B.*, 257 S.W.3d 804, 811–12 (Tex. App.—Dallas 2008, no pet.). Under this standard, we review the evidence in the light most favorable to the order and indulge every presumption in favor of the trial court's order. *Deltuva v. Deltuva*, 113 S.W.3d 882, 886 (Tex. App.—Dallas 2003, no pet.). A trial court does not abuse its discretion if some evidence of a substantial and probative character exists to support the trial court's decision. *In re M.P.B.*, 257 S.W.3d at 811–12. The trial court is in the best position to observe the witnesses and their demeanor and, therefore, is given great latitude when determining the best interests of the children. *In re S.E.K.*, 294 S.W.3d at 930.

The traditional sufficiency standards of review overlap with the abuse of discretion standard in family law cases; legal sufficiency is not an independent ground of error but is a relevant factor in our assessment of whether the trial court abused its discretion. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in its exercise of that discretion. *Id.*

A trial court may modify a conservatorship order if modification would be in the child's best interest and "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since the previous order. TEX. FAM. CODE ANN. § 156.101 (West Supp. 2012). As a threshold determination, the moving party must show a material and substantial change in circumstances; otherwise, the petition must be denied. *See In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th. Dist.] 2009, no pet.); *Zeifman v. Michels*, 212 S.W.3d 582, 589 (Tex. App.—Austin 2006, pet. denied). In deciding whether a material and substantial change of circumstances has occurred, the trial court is not confined to rigid or definite guidelines. *See Zeifman*, 212 S.W.3d at 593. Instead, the determination is fact-specific and must be made according to the circumstances as they arise. *In re A.L.E.*, 279 S.W.3d at 428.

At the April 26, 2012 hearing, Jeffrey testified that in March 2011, Lisa and her boyfriend were at Lisa's house when the boyfriend "got into it" with the oldest child, B.A.E. The police were called; Lisa told the children to leave and locked the doors. Jeffrey went by the house when B.A.E. called. The boyfriend was in the house, and "the kids said - - it came down to basically we don't want him in the house." Jeffrey did not know if the boyfriend "was on

7

drugs or whatever he was doing, but the police were called, and he never left the house." Lisa told them all to leave and told the children to "just go live with your dad." According to Jeffrey, Lisa voluntarily relinquished the children to his possession and custody and they had been living with him since that time. Jeffrey testified it was in his children's best interest that he be named as the parent with the right to decide the primary residence of the children. In addition, affidavit evidence was presented indicating the children, all over the age of fourteen years, preferred residing with their father.

After examining the record and evidence, the trial court found the allegations of the petition true and that the requested modification was in the best interest of the children. Our review of the record supports this finding. We therefore conclude the trial court did not abuse its discretion by finding a material and substantial change in circumstances since the previous order. *See In re A.L.E.*, 279 S.W.3d at 429.

In reaching this conclusion, we reject Lisa's argument that the only evidence in support of the trial court's order was "hearsay" and therefore "incompetent." Even if the evidence she cites is hearsay, we can consider, in an evidentiary sufficiency review, hearsay evidence admitted without an objection. *See City of Keller v. Wilson*, 168 S.W.3d 802, 812 n.29 (Tex. 2005); *see* TEX. R. EVID. 802 (inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay). We conclude the trial court had sufficient evidence upon which to exercise its discretion and did not err in its exercise of that discretion.

In her last argument under this issue, Lisa contends the trial court abused its discretion by (1) ordering her to pay support, (2) terminating Jeffrey's obligation to pay child support, and (3) extinguishing Jeffrey's unpaid child support obligation. With respect to her complaint about Jeffrey's unpaid child support, we note the trial court's order granted Lisa a cumulative judgment

8

for child support arrearages of $6,332. Thus, her claim that Jeffrey's past due support obligation was extinguished is unfounded. Lisa's remaining arguments are premised on our finding that the trial court abused its discretion by granting Jeffrey's motion to modify. Because we did not conclude the trial court abused its discretion, we need not address these arguments. We overrule her second issue.

In her final issue, Lisa claims the trial court abused its discretion in ordering her to pay $3,000 for Jeffrey's legal fees. Lisa cites no law in support of her complaint and she provides no discussion or analysis as to why the award of attorney's fees is improper. Our appellate rules require an appellant's brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); TEX. R. APP. P. 38.1(h), (i). We have no duty to brief Lisa's issue for her and because she has failed to properly brief this issue, we conclude Lisa has presented nothing for us to review. *See Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 885–86 (Tex. App.—Dallas 2011, no pet.). We overrule her third issue.

We affirm the trial court's modification order.


/Molly Francis/
MOLLY FRANCIS
JUSTICE


121113F.P05

9



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF B.A.E., Z.R.E., AND A.C.E., Children

No. 05-12-01113-CV

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-50454-2010.
Opinion delivered by Justice Francis, Justices O'Neill and Fillmore participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment. We **ORDER** that appellee Jeffrey Edwards recover his costs, if any, of this appeal from appellant Lisa Edwards.

Judgment entered this 9th day of August, 2013.

/Molly Francis/

MOLLY FRANCIS
JUSTICE