

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00251-CV
_____

A & A CONSTRUCTION SERVICES, LLC, A/K/A A & A
CONSTRUCTION SERVICES AACS, LLC AND GEORGE ANTHONY, APPELLANTS

V.

CLARENCE BLEVINS, APPELLEE

On Appeal from the County Court at Law
Moore County, Texas
Trial Court No. CL22-13, Honorable Delwin T. McGee, Presiding

April 24, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, George Anthony, perfected his restricted appeal of the trial court's post-answer default judgment in favor of Clarence Blevins, awarding Blevins $20,508.00 on his claims asserted in the parties' contract dispute. On appeal, Anthony complains that the trial court failed to provide him proper notice of the trial setting and also contends that the attempted notice failed to comply with the permissible methods of

effecting service. *See* TEX. R. CIV. P. 21a, 245. We will reverse and remand the cause to the trial court for further proceedings.

## Factual and Procedural History

Anthony owns A & A Construction Services.[1] In August 2012, Blevins contracted with Anthony, agreeing that Anthony would perform siding work on Blevins's home in exchange for a total price of $9,389.00. Per the contract, Blevins paid to Anthony $4,694.00 as a "material draw" to be used as a deposit for the purchase of the siding and supplies for the project.

On August 27, 2012, Anthony sent to Blevins a letter explaining that there would be a delay in starting the project because it was estimated that it would take two to three weeks for some of the materials that had been ordered to be delivered. On October 1, 2012, Anthony sent another letter to Blevins, noting a further unexpected delay. In that letter, Anthony explained that the siding had been delivered on September 20, but he had not been notified due, somehow, to a delay in delivery of another set of supplies for the project. Because other projects were in progress or already scheduled to begin soon, Anthony provided a start date of October 16, 2012. Then, Anthony sent to Blevins a letter dated October 17, alerting Blevins to another "delay in [their] schedule" and postponing the work for an additional ten days.

---

[1] There is some confusion as to the business name and the type of entity under which it operates. In the written agreement between the parties, the company is identified as simply "A & A Construction Services," and that is the name to which Blevins made the deposit check payable. However, in the several letters alerting Blevins to the continued delays, Anthony's correspondence bore a letterhead identifying the company as "A & A Construction Services, AACS, LLC." In his answer, Anthony identifies his company as "A & A Construction Services, LLC." Blevins's attorney researched the business and was unable to find a limited liability company bearing the name "A & A Construction Services" registered with the Texas Secretary of State and qualified to do business under that name in Texas.

Finally, by letter dated October 29, 2012, Anthony explained additional delays and offered to Blevins two alternatives at that point:

> Dear, Mr. Blevins, I am still out of town on this big job trying to finish up. I know that this has been dragging on way to[o] long and I deeply apologize. What I am offering at this point is to have the material delivered in 10 to 14 days and have a rep from my company to foresee the job and have a sub-contractor take care of this for me. I really wanted to do this myself but I have held you up for way to[o] long. Or the second option is I can have the material delivered and you can cancel the contract. I deeply apologize. While I was waiting for your material to come in[,] I took this job not knowing that it was going to take up so much of my time. I am willing to do whatever you decide, but whatever decision you take please send me a letter stating your decision to the above address. Again[,] I am very sorry.

Blevins was not satisfied with either option offered by Anthony and, by letter dated October 30, 2012, notified Anthony that he requested a refund of the $4,694.00 deposit:

> I do not want a subcontractor to do the work and I do not want the material delivered and have to find someone to put it on. You[] are talking about another 2 or 3 week delay. There is a third option, and that is that you return the money that I gave you and I will find another company to put on siding. This is the option I wish to do. If I do not hear from you[,] I will turn it over to my attorney at your expense.

Having heard nothing from Anthony, Blevins did contact his attorney, who sent to Anthony a notice of claim as required by the Texas Deceptive Trade Practices Act. In it, Blevins made demand for a refund of his deposit and for attorney's fees incurred up to that point. By letter, Anthony refused to tender a refund of the deposit and insisted that the materials be delivered per the contract terms and the remainder of the contract be cancelled. As a final effort to avoid litigation, Blevins offered to honor the terms of the contract in its entirety so long as Anthony began the work within fourteen days of the December 3rd letter outlining said offer. By his silence in response, Anthony tacitly refused that offer.

By petition filed January 31, 2013, Blevins sued A & A Construction Services, LLC A/K/A A & A Construction Services, AACS, LLC, and George Anthony, individually and D/B/A A & A Construction Services. Blevins alleged causes of action under the Texas Deceptive Trade Practice Act, breach of contract, fraud, and conversion and sought economic and punitive damages and attorney's fees. Anthony filed a *pro se* answer on March 8, 2013, requesting that the case be dismissed or that he be removed from the suit in his individual capacity.[2] Ostensibly, by letter dated March 18, 2013, Blevins's attorney sent to Anthony a notice that trial had been set for April 17, 2013.

Following the trial on April 17, at which Anthony did not appear but Blevins did, the trial court signed its post-answer default judgment in favor of Blevins in the following amounts: $4,694.00 in economic damages, $14,082.00 in treble and punitive damages, $1,500.00 in attorney's fees, and $232.00 in court costs. The judgment also provided for conditional attorney's fees in the event of an appeal. Anthony timely filed his notice of restricted appeal.

Standard of Review and Applicable Law

A restricted appeal is considered a direct attack on a default judgment. *Eguia v. Eguia*, 367 S.W.3d 455, 458 (Tex. App.—Corpus Christi 2012, no pet.). A party may prevail in a restricted appeal only if the following conditions are satisfied: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it

---

[2] The trial court and the parties below treated this response, though arguably defective in some respects, as Anthony's answer, said answer then entitling Anthony to proper notice of trial settings. We will do the same. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam) (recognizing that defendant's response, though not in standard form, provided the trial court with "a timely response acknowledging receipt and acceptance of [plaintiff]'s citation and petition" and, thus, entitled defendant to proper notice of hearing per Rule 245).

was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30, and *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam)).

In a restricted appeal, the "face of the record" consists of the papers on file with the trial court when it rendered judgment, including the clerk's and reporter's records. *Miles v. Peacock*, 229 S.W.3d 384, 387 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). Accordingly, an appellate court may not consider evidence in a restricted appeal unless it was before the trial court when judgment was rendered. *Campsey*, 111 S.W.3d at 771.

When a party has answered in a case, he or she is entitled to notice of trial pursuant to Rule 245. *See Platt v. Platt*, 991 S.W.2d 481, 483 (Tex. App.— Tyler 1999, no pet.) (stating that, when defendant has filed a timely answer, he or she is entitled to notice of trial setting as a matter of due process and citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–86, 108 S. Ct. 896, 898–900, 99 L. Ed. 2d 75 (1988)). Rule 245 provides that "[t]he court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial." TEX. R. CIV. P. 245. The forty-five-day notice provision of Rule 245 is mandatory. *See Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.) (citing, *inter alia*, *Smith*, 826 S.W.2d at

5

138). A trial court's failure to comply with Rule 245 in a contested case deprives a party of the constitutional right to be present at the hearing, to voice his or her objections in an appropriate manner, and results in a violation of fundamental due process. *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.) (citing *Platt*, 991 S.W.2d at 483). Thus, if the respondent does not have notice of the trial setting as required by Rule 245, the post-answer default judgment should be set aside because it is ineffectual. *See id.* (citing *Platt*, 991 S.W.2d at 484).

We presume, however, that the trial court will hear a case only when proper notice has been given to the parties. *Id.*; *Turner v. Ward*, 910 S.W.2d 500, 505 (Tex. App.—El Paso 1994, no writ). To overcome the presumption of proper notice, an appellant must affirmatively show lack of notice. *See Blanco*, 20 S.W.3d at 811–12 (concluding that presumption of proper notice was no longer taken as true because appellant could not have received the forty-five days' notice required by Rule 245 when the record showed appellee had filed a trial setting request only fifteen days prior to the final hearing). This burden is not discharged by mere allegations, unsupported by affidavits or other competent evidence, that proper notice was not received. *See id.* at 811.

A recitation of due notice of the trial setting in the judgment constitutes some, but not conclusive, evidence that proper notice was given. *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (citing *Wilson v. Indus. Leasing Corp.*, 689 S.W.2d 496, 497 (Tex. App.—Houston [1st Dist.] 1985, no writ)). However, if a judgment is effectively rebutted by other evidence in the record, this presumption of proper notice is no longer taken as true. *Id.*

Analysis

The trial court's default judgment recites that Anthony had been "duly served to appear." This recitation is some evidence that Anthony was given proper notice of the trial setting, but it is not conclusive evidence. *See id.* Other evidence in the record, however, rebuts the presumption that Anthony was given proper notice. At the hearing held in Anthony's absence, Blevins specifically noted that Anthony had been notified of the April 17th trial setting on March 18, a fact which the trial court acknowledged. In its acknowledgement of that fact and on its own motion, the trial court took judicial notice of the March 18th notice purportedly sent to Anthony to notify him of the April 17th trial setting.

So, the face of the record before us establishes that the notice provided—the only notice to which the parties refer and, thus, seemingly the only notice provided to Anthony of the trial setting—was sent by Blevins's counsel on March 18, only thirty days before trial was scheduled to be and was held. Anthony maintains that he never received any notice of the April 17th trial setting. Nevertheless, presuming he did, he did not receive forty-five days' notice as provided by Rule 245.[3] Consequently, the trial court's default judgment, rendered in the absence of proper notice to Anthony of the

---

[3] We observe that "Rule 21a sets up a presumption that when notice of trial setting properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee." *See Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). We will also presume for purposes of our disposition of this issue that the notice substantially complied with the rules governing methods of serving such notice. *See* TEX. R. CIV. P. 21a. Anthony's second point of error raises his complaint with respect to serving the notice of the trial setting by regular, rather than certified, mail. Because the record is not entirely clear on the matter, we have no means of confirming how the notice was sent and, ultimately, have no need to do so. Having disposed of the issue in terms of Rule 245's time requirements, we need not reach a conclusion as to the merits of Anthony's second issue concerning Rule 21a's method-of-service requirements.

7

hearing from which judgment resulted, constitutes a violation of Anthony's due-process rights.  *See Blanco*, 20 S.W.3d at 811.

We sustain Anthony's first point of error on restricted appeal.  Because our disposition of Anthony's first point of error is dispositive, we need not and do not reach the issues raised by his other points of error on appeal.  *See* TEX. R. APP. P. 47.1.

Conclusion

Having sustained Anthony's first point of error, we reverse the trial court's default judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

Mackey K. Hancock
Justice