**AFFIRMED and Opinion Filed October 2, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00189-CV**

**JESUS PARAMO, Appellant**
**V.**
**LUIS MURILLO, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05462**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

Pro se appellant Jesus Paramo appeals from a default judgment entered against him in a breach of contract suit brought by appellee Luis Murillo concerning a home that Paramo sold to Murillo. In three issues, Paramo argues the judgment should be reversed and remanded because Murillo did not present sufficient evidence that he made payments to the mortgage holder, Paramo was never served with notice of the bench trial or the hearing to enter judgment, and the final judgment was entered without a hearing before the judge who presided over the bench trial. For the reasons discussed below, we affirm.

## Factual and Procedural Background

Paramo sold Murillo a house in Mesquite in January 2016. The parties agreed, in a Wraparound Real Estate Promissory Note, that Murillo would pay the remaining mortgage held by SunTrust Mortgage. The note was secured by a vendor's lien and a Wraparound Deed of Trust. Paramo appointed Murillo power of attorney over real property transactions concerning the house, including execution of his prior promissory note to SunTrust. Thus, the parties agreed that Murillo would make payments directly to SunTrust to fulfill the terms of the Wraparound Note.

Shortly thereafter Paramo began serving a sentence in federal prison for an unrelated criminal conviction. On August 10, 2017, Paramo sent Murillo a letter from prison notifying Murillo that he was terminating his power of attorney. He sent another letter on August 30, 2017, claiming that Murillo was in default in the amount of $15,865.53 and had ten days to cure. Paramo then directed the trustee of the property to begin foreclosure proceedings against Murillo's interest in the property. Murillo responded to Paramo's demands by offering to tender the amount that Paramo could show was due and owing. When Paramo did not respond, Murillo sued Paramo for breach of contract alleging that he had paid the balance due. Murillo also sought a declaratory judgment that Paramo had no legal or equitable right to foreclose and that he did not owe what Paramo claimed he owed.

Paramo answered the lawsuit and filed several motions for summary judgment or dismissal of the claims. The motions for summary judgment or dismissal were

–2–

never ruled upon. The case proceeded to a bench trial on March 24, 2022. The trial was held via Zoom before the Honorable Judge Staci Williams. As noted by the trial court, Paramo did not appear:

> Let the record reflect although the Defendant, Jesus Paramo, was given notice of this trial date, was also given the Zoom link, neither Mr. Paramo nor anyone representing him has appeared on this link. The Court has checked the Court's email, and there's been no e-mail indicating any difficulty with getting into the Zoom room.

After Murillo presented his case, the trial court found in his favor.

On September 27, 2022, Murillo moved for entry of judgment. The hearing on Murillo's motion was conducted by Assigned Judge Charles Stokes on January 17, 2023. Paramo appeared telephonically. When Judge Stokes asked if Paramo agreed to the judgment being entered and signed by him, Paramo responded, "Judge, I have no idea what this phone call is about. I didn't get any notice or any nothing. I have no idea." Judge Stokes construed Paramo's response as an opposition toward judgment being entered and advised the parties that he would not sign the judgment because he did not try the case and Paramo did not agree to entry. The motion was referred to Judge Williams.

Without conducting a hearing, Judge Williams entered judgment on January 30, 2023, including a declaratory judgment that (1) Murillo is owner of the property subject only to the deed of trust held by SunTrust Mortgage and the Wraparound Deed of Trust held by Paramo; (2) Murillo is not in default under the promissory note and the note has been paid in full; (3) Murillo may act as Paramo's agent and

–3–

attorney in fact with respect to real property transactions concerning the property; (4) Murillo is entitled to clear title to the property once the SunTrust mortgage is paid in full; and (5) Murillo does not owe Paramo $15,865.53, or any other amount, as alleged by Paramo. The trial court further entered judgment that Paramo breached his contract with Murillo by attempting to revoke his power of attorney, by refusing to provide a pay-off amount of the alleged debt, and by refusing to accept Murillo's tender of payment in full. The trial court also awarded Murillo trial attorney's fees in the amount of $7,500, conditional appellate attorney's fees, costs, and post-judgment interest.

Paramo did not file a motion for new trial but did file a timely notice of appeal. On November 28, 2023, after Paramo filed his initial brief, this Court sent Paramo a letter notifying him that his brief failed to satisfy the following requirements of Rule 38 of the Texas Rules of Appellate Procedure: the table of contents does not indicate the subject matter of each issue or point, the brief does not contain an index of authorities, the brief does not contain a concise statement of the case supported by record references, the brief does not contain a concise statement of facts supported by record references, and the argument section of the brief does not contain appropriate citations to authorities or the record. TEX. R. APP. P. 38.1(b)–(d), (g), (i). Paramo then filed a corrected brief on January 22, 2024; however, his corrected brief, specifically the argument section, remained noncompliant.

–4–

## Briefing Waiver

In his first issue, Paramo argues that Murillo did not present evidence proving that he made the payments due to the mortgage holder from February 2016 through August 2017, and thus, the district court erred in declaring that Murillo had paid the amounts due. His third issue is presented as follows:

> Murillo's attorney tried to have a judge who had not held the bench trial sign the final judgment for this suit. The judge properly admonished Murillo's attorney for the stunt, but the trial judge signed the final judgment anyways without holding her own hearing. Does this improper conduct warrant reversal and remand for a new bench trial?

The argument section for each of these two issues consists of one paragraph with no additional legal analysis, citation to the record, or any citations to legal authorities.

As this Court cautioned Paramo in our November 28, 2023 letter, the rules of appellate procedure require an appellant's brief to contain a clear and concise argument for the contentions made with appropriate citations to legal authorities and to the record. *See* TEX. R. APP. P. 38.1(i). We liberally construe pro se briefs, but we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). "We cannot remedy deficiencies in a litigant's brief, nor can we supply an adequate record." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). Otherwise, pro se

litigants would have an unfair advantage over litigants represented by counsel. *In re N.E.B.*, 251 S.W.3d at 212.

"Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). We are not responsible for identifying possible trial court error, searching the record for facts that may be favorable to a party's position, or doing legal research that might support a party's contention. *Id.* If we were to do so, "we would be abandoning our role as judges and become an advocate for that party." *Id.*

Because Paramo failed to properly brief issues one and three, he has presented nothing for us to review. *Bolling*, 315 S.W.3d at 897; *see also* TEX. R. APP. P. 42.3(c) (providing appellate court may affirm the appealed judgment if appellant has failed to comply with the appellate rules). We overrule Paramo's first and third issues.

## Rule 21a Notice

In his second issue, Paramo asserts he was never served with notice of the bench trial or the hearing on Murillo's motion to enter judgment under Rule 21a and, therefore, never afforded his right to defend himself. He contends that prison staff never contacted him about the trial and that the case should be reversed and remanded for proper service and a new bench trial.

When a defendant has made an appearance in a suit, due process requires that he is entitled to receive notice of the trial setting or hearing on a dispositive motion. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988)). Rule 21a provides that, when a party does not have an email on file with the electronic filing manager, notice "may be served in person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." TEX. R. CIV. P. 21a(a). "Service by mail or commercial delivery service shall be complete upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service." TEX. R. CIV. P. 21a(b)(1).

The record on appeal does not contain a notice of trial.[1] However, the final judgment provides, "On March 24, 2022, the Court called this case to trial. [Murillo] appeared in person and through counsel of record and announced ready. [Paramo], although given due notice of trial and the opportunity to appear via remote electronic means, wholly failed to appear and made default." The trial court's statement on the day of trial that Paramo was given notice of this trial date and also given the Zoom link, coupled with the above recitation in the final judgment, is "prima facie evidence

---

[1] We note that, although the record does not include a notice of the trial setting, Paramo includes in his appendix a February 9, 2022 letter from the trial court notifying the parties of trial on March 22, 2022, at 9:00 a.m. The letter is addressed to Paramo at his address in federal prison and instructs that the trial will be held via Zoom and that all trial announcements must be made via email and include certain information. The letter further provides, "Once the court has determined the order in which cases will be tried, the parties will be notified of the day and time your case will be called to trial. . . . When NO announcement is made for defendant, defendant will be presumed ready." In his reply brief, Paramo concedes that he received this notice for the trial but contends that he was notified trial was to be held on March 22, 2022, not March 24.

of proper notice and must be accepted as true in the absence of proof to the contrary." *P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Mach. Co.*, 629 S.W.2d 142, 143 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). "To rebut this presumption, an appellant has the burden to affirmatively show a lack of notice by affidavit or other competent evidence." *In re B.A.E.*, No. 05-12-01113-CV, 2013 WL 4041551, at *2 (Tex. App.—Dallas Aug. 9, 2013, pet. denied) (mem. op.). No such evidence appears in the record before us.

Although Paramo told the judge at the hearing on the motion for entry of judgment that he had no idea what the phone call was about and did not get notice, he did not specifically argue that he had no notice of the trial setting, nor did he offer any evidence at the hearing showing that the trial notice was not received. Paramo also did not file a response to Murillo's motion for entry of judgment or a motion for new trial after the default judgment was entered. *See* TEX. R. CIV. P. 324(b)(1) ("[a] complaint on which evidence must be heard such as . . . failure to set aside a judgment by default" must be presented in a motion for new trial to preserve the complaint for appeal); *In re M.M.M.*, No. 05-19-00392-CV, 2019 WL 4744694, at *3–4 (Tex. App.—Dallas Sept. 30, 2019, pet. denied) (mem. op.) (concluding that defendant forfeited lack of notice argument by failing to file a motion for new trial satisfying the *Craddock*[2] factors); *In re X.C.J.*, No. 05-18-01233-CV, 2019 WL

---

[2] *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939).

2336876, at *2–3 (Tex. App.—Dallas June 3, 2019, no pet.) (mem. op.) (explaining that due process right to proper service of trial setting is waived if not brought to trial court's attention in a motion for new trial). Because Paramo failed to file a motion for new trial raising his complaint that he did not receive notice of the trial setting, Paramo has forfeited our review of his lack of notice argument. Therefore, we overrule his second issue.

## Conclusion

Having overruled Paramo's three issues on appeal, we affirm the judgment of the trial court. We decline Murillo's request to find that this appeal was brought frivolously and award sanctions. *See* TEX. R. APP. P. 45 (providing court of appeals may award prevailing party just damages if it determines that the appeal is frivolous).

/Craig Smith/
CRAIG SMITH
JUSTICE

230189F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESUS PARAMO, Appellant

No. 05-23-00189-CV      V.

LUIS MURILLO, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-18-05462. Opinion delivered by Justice Smith. Justices Pedersen, III and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of October 2024.